**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue
New York, NY  10022
(212) 752-8000
Laurence May (LM – 9714)
Bonnie L. Pollack, Esq. (BP – 3711)

Attorneys for the Official Committee of Unsecured Creditors
of Smart World Technologies, LLC, *et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SMART WORLD TECHNOLOGIES, LLC, *et al.*,<br><br>                              Debtors. | Case Nos.  00-41645 (JMP) through<br>                    00-41647 (JMP)<br>Jointly Administered<br><br>Confirmed<br>Chapter 11 |

### STATEMENT OF ISSUES ON APPEAL AND CROSS-APPEAL AND DESIGNATION OF ADDITIONAL ITEMS FOR THE RECORD

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned cases, by and through its attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., respectfully submits the follow Statement of Issues and Designation of Additional Items for the Record with respect to its cross-appeal from so much of the Order, dated March 23, 2007 and entered on March 28, 2007, of the United States Bankruptcy Court, Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge (the "Appealed Order"), that order awarded legal fees of $1,207,816.00 and expenses of $73,901.18 to Riker, Danzig, Scherer, Hyland & Perretti, LLP ("Riker Danzig"):

## STATEMENT OF ISSUES ON APPEAL AND CROSS-APPEAL

1. Whether the Bankruptcy Court erred in reviewing the fee application filed by Riker Danzig under, and applying the standards of, 11 U.S.C. § 328(a) as opposed to 11 U.S.C. §§ 330 and 331?

2. To the extent Riker Danzig was retained pursuant to 11 U.S.C. § 328(a), whether the Bankruptcy Court's factual findings, *inter alia,* that the retention proved improvident in light of developments not capable of being anticipated at the time of Riker Danzig's retention were not clearly erroneous?

3. Whether the Bankruptcy Court erred in awarding legal fees of $1,207,816 and expenses of $73,981.18 (collectively, the "Fee Award") to Riker Danzig in light of the fact that any fee to Riker Danzig was contingent upon Riker Danzig's successful prosecution of a certain litigation referred to as the "Juno Action?"

4. Whether the Bankruptcy Court erred in granting the Fee Award given that all of the money in the Debtor's estate came as a result a settlement of the Juno Action engineered by the Committee?

5. Whether the Bankruptcy Court was correct in awarding Riker Danzig any fee whatsoever in light of the order authorizing Riker Danzig's retention which among other things, incorporated the Debtor's application to retain Riker Danzig and which represented that Riker Danzig would only be entitled to compensation in the event it successfully prosecuted the Juno Action?

6. Whether the Bankruptcy Court erred in granting the Fee Award given that Riker played no role whatsoever in obtaining the funds from which the Fee Award would be paid,

50759/0001-3105145v1

stymied all attempts to resolve the Juno Action and played a counter-productive role in the Debtors' cases?

The Committee submits the following designation of additional items to be included in the record of this cross-appeal:

1. Appealed Order (Docket No. 532)

2. Transcript of Court proceedings of March 22, 2007 (Docket No. 533)

3. First and Final Application of Riker, Danzig, Scherer, Hyland & Perretti, LLP as Special Litigation Counsel to the Debtors and the Debtors-in-Possession Seeking Final Allowance and Payment of Compensation for Professional Services Pursuant to 11 U.S.C. §328(a) (Docket No. 512)

4. Objection of the Official Committee of Unsecured Creditors to the Final Fee Application for Allowance of Fees and Reimbursement of Expenses of Riker, Danzig, Scherer, Hyland & Perretti, LLP and all exhibits attached thereto (Docket No. 523)

5. Response to Objection to First and Final Application of Riker, Danzig, Scherer, Hyland & Perretti, LLP as Special Litigation Counsel to the Debtors and the Debtors-in-Possession Seeking Final Allowance and Payment of Compensation for Professional Services Pursuant to 11 U.S.C. §328(a) (Docket No. 525)

6. Notice of Appeal by Riker Danzig dated April 2, 2007 (Docket No. 534)

7. Notice of Cross-Appeal by Committee dated April 4, 2007 (Docket No. 537)

8. Notice of Appeal filed by J. Alex Kress on behalf of Smart World Technologies, LLC from Exclusivity Order (Docket No. 363)

9. Disclosure Statement for Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code (Docket No. 404)

10. Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code (Docket No. 405)

11. Debtors' Objection to Proposed Disclosure Statement filed by J. Alex Kress (Docket No. 419)

12. Response of the Official Committee of Unsecured Creditors to the Debtors' Objection to the Proposed Disclosure Statement for Liquidating Plan of Reorganization (Docket No. 425)

50759/0001-3105145v1

13. Order signed on October 23, 2006 approving Amended Disclosure Statement, etc. (Docket No. 437)

14. Debtors' Objection to Confirmation of Amended Chapter 11 Plan of Liquidation filed by J. Alex Kress (Docket No. 454)

15. Memorandum of Law of Official Committee of Unsecured Creditors in support of Confirmation of Amended Chapter 11 Plan of Liquidation (Docket No. 473)

16. Affidavit of Laurence May in Further Support of Confirmation of Amended Chapter 11 Plan of Liquidation (Docket No. 474)

17. Transcript of Hearing Held on December 21, 2006 (Docket No. 509)

18. Order signed on December 27, 2006 confirming Amended Chapter 11 Plan of Liquidation (Docket No. 498)

Dated: New York, New York
April 18, 2007

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.
        A Professional Corporation


        By: __/s/ Bonnie L. Pollack_____
            Laurence May, Esq. (LM-9714)
            Bonnie L. Pollack, Esq. (BP-3711)
        900 Third Avenue, 16th Floor
        New York, New York 10022-4728
        (212) 752-8000

        Attorneys for the Official Committee of Unsecured Creditors of Smart World Technologies, LLC, *et al*.